## Case No. 794.

### BALDRAFF v. CAMDEN & A. R. R.

[25 Hunt, Mer. Mag. 77.]

District Court. 1851.

CARRIERS OF PASSENGERS—LIABILITY FOR BAGGAGE.

[Where a passenger paid for the extra weight of his baggage, which included a trunk containing coin and also wearing apparel, but did not inform the carrier of the contents of the trunk, which was lost in transit, the carrier was liable for the coin, though no special arrangement was made to accept or carry it.]

[At law. Action by Baldraff against the Camden & Amboy Railroad Company for loss of trunk and contents. Verdict and judgment for plaintiff.]

This was an action against the company, as carriers of passengers and their baggage, from New York to Philadelphia. The jury in the court below found a special verdict, as follows:—

That the defendants are carriers of passengers and their baggage, and not carriers of merchandise from New York to Philadelphia —that the defendants had published in the public daily newspapers of New York and Philadelphia, from May to September, 1846, an advertisement, and delivered to the plaintiff, (now defendant,) who is a German, and did not understand the English language as well as the other passengers, on the 22d of August, 1846, a card or ticket. The plaintiff took the defendants' line, upon the said 22d of August, 1846, and put on board the steamboat Independence, belonging to defendants, and forming part of defendants' means of conveyance, among other baggage, a trunk containing 2,101 silver coins, commonly called French five franc pieces, and also certain articles of wearing apparel. The said trunk was directed to the conductor, or other agent of defendants, on board of said boat. The extra weight of plaintiff's baggage, including the said trunk, was paid for, and the said agent did take charge thereof. The plaintiff did not notify the defendants, or their agent, that the trunk contained coins or money, and no special agreement was made by them to accept or carry the same. The said trunk was lost, and not delivered to the plaintiff upon the arrival at Philadelphia, or at any time thereafter.

If the court shall be of opinion that the defendants are responsible for the injury arising from the loss of the money or silver coins aforesaid, then the jury find for the plaintiff, and assess the damages at twenty-two hundred and forty-five dollars and ninety-five cents, ($2,245.95). If the court shall be of opinion that the defendants are not liable for the injury arising from the loss of the money or silver coins aforesaid, then the jury find for the plaintiffs, and assess the damages at $10.

The district court gave judgment that the plaintiff recover the larger amount.